LEAR, Judge.
Rhonda Watson works in the Department of Health and Human Resources (D.H.H. R.), Office of Human Development, as a welfare worker. She is a permanent employee in the state civil service system.
On March 14, 1979, the appointing authority notified Mrs. Watson that she was being terminated at 4:30 p. m., March 16, 1979, listing the reasons as follows:
“1. On March 7,1979, you failed to comply with a specific directive from your supervisor that you were to consult with the Crowley City Judge or his secretary before taking further action on case number FS 36847.
“2. On March 7,1979, you failed to comply with a specific directive from your supervisor to the effect that you were not to discuss fraud or Food Stamps with anyone in relation to case number FS 36847 in that you did, on that same date, file an affidavit charging the client with Food Stamp fraud.
“3. You failed to comply with a specific directive from your supervisor on March 8, 1979, to complete dictation on cases numbered FS 13623, FS 19601, and FS 33265.”
On April 12, 1979, she appealed, alleging, inter alia, that if she did fail to comply with the directives it was because of inadequate supervision and not due to any intentional acts of insubordination. She further contended that the disciplinary action was imposed not for legal cause but because of a personality conflict between her and her superiors. She also sought to justify her action in case number FS 36847 on the basis that the physical safety and well being of a young child were in serious jeopardy and that she had a moral and legal duty to take the actions which she did. Additionally, she contended that the severity of the discipline imposed is arbitrary, selectively enforced and unduly harsh.
Then, she moved for summary disposition, contending that case number FS 36847 involves allegations of child abuse, that such records are confidential and that it is unlawful for her to disclose them, or the information contained in them to outside sources. LSA-R.S. 46156(A).[1] Ms. Watson *1318 further states that although “outside sources” defined to include “governmental authorities, the court and law enforcement agencies” may be made privy to the records if the applicant, client or his legal representatives gives a written waiver of the confidentiality rule, the statute prohibits any waiver of bhat rule to outside sources not connected with the department's program in cases involving “foster care of children, investigations of abuse or neglect of children or other welfare services.” R.S. 46:56(F)(1).[2] She also contends that no waiver is authorized in case records furnished to law enforcement agencies or courts to aid in the prosecution of criminal offenses related to any family services program. In substance, Ms. Watson says that in order to defend herself certain confidential information would have to be communicated to the commission, and that the commission is not one of those agencies authorized to receive such information. Therefore, she contends, she cannot defend herself without subjecting herself to statutory penalties, including a fine of not more than $2,500.00 or not more than two years in jail or both, nor less than $500.00 or ninety days on each count. LSA-R.S. 46:56-I.[3] She also states that she believes that cases FS 13623, FS 19601 and FS 33265, referred to in her letter of termination, also involve child abuse cases and that evidence cannot be presented before the commission for the same reasons as stated above.
She contends that she is in a position where she cannot adequately defend herself without disclosing the information, but if she does disclose such information she would be subjecting herself to severe penalties — a “Catch 22” situation.
On December 4, 1979, the Civil Service Commission heard her motion for summary judgment and denied it. From that denial, Ms. Watson applied for writs.
One alleged reason for Ms. Watson’s apprehension is the action taken against another of Ms. Howell’s clients, Mrs. Spoto. However, in that case, the reason given for the termination was that Mrs. Spoto and Ms. Howell allegedly violated the confidentiality rules by openly discussing the contents of memoranda in which the child’s name and other names, instead of being deleted, were freely used, thus violating R.S. 46:56 and the Family Security Manual of Rules and Regulations.
The commission contends that since the Civil Service Commission is an agency of the State of Louisiana, designed to ensure and protect employees’ rights and privileges, it is essential to the operation and administration of D.H.H.R. and that, with deletion of names and identifying dates, supplying the commission with the data necessary to exercise its quasi-judicial function would not constitute a violation of the prohibitory language of the statute.
We agree.
If we were to adopt the theory of Ms. Watson, both an appointing authority and an employee could be thwarted in presenting the case before a reviewing forum.
The writ was improvidently issued. Therefore, it is now recalled, the stay order is vacated, and the case is remanded to the Civil Service Commission for hearing in a manner not inconsistent with the views expressed herein.
WRIT RECALLED; STAY ORDER VACATED.

. § 56. Applications and client case records; definitions; confidentiality; waiver; penalty
A. Applications for assistance and information contained in case records of clients of the Department of Health and Human Resources shall be confidential and, except as otherwise provided, it shall be unlawful for any person to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of applications or client case records or the information contained therein for any purpose not directly connected with the administration of the programs of the department.

. § 56 — (F)
F. The following information shall not be subject to waiver, and shall not be released to applicants, recipients, or outside sources, except those outside sources engaged in the administration of the programs of the department:
(1) Records pertaining to foster care of children, investigations of abuse or neglect of children, and other child welfare services.

. § 56 — (I)
I. Any person who violates any of the provisions of this Section shall be fined not more than two thousand five hundred dollars or imprisoned for not more than two years in the parish jail, or both, nor less than five hundred dollars or ninety days on each count.